UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Do No Harm, Inc., a nonprofit corporation, | ) ) ) Court File No. 0:25-cv-00287 ) ) **COMPLAINT FOR** ) **DECLARATORY AND** ) **INJUNCTIVE RELIEF** ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| Dr. Brooke Cunningham, in her official capacity as Commissioner of the Minnesota Department of Health, | |
| Defendant. | |

## INTRODUCTION

1. The Minnesota Health Equity Advisory and Leadership Council (Council) serves the Minnesota Department of Health in an advisory capacity. The Council makes policy recommendations to advance the Department's strategic plan of advancing health equity in the state.

2. The Council is composed of eighteen members appointed by the Commissioner of the Minnesota Department of Health for two-year terms. But membership on the Council is not available to all equally. The Council's members must include representatives of various race and ethnicity groups, including "African American and African heritage communities," "Asian American and Pacific Islander communities," "Latina/o/x communities," and "American Indian communities and Tribal governments and nations."

1

3. Such blatant racial discrimination against individuals who could sit on the Council serves no legitimate government purpose. It is demeaning, patronizing, and unconstitutional.

4. Plaintiff Do No Harm is a nationwide membership organization dedicated to eliminating racial distinctions and preferences in America. It has a member, Member A, who is qualified, ready, willing, and able to be appointed to the Council. Member A is a Minnesota citizen pursuing a medical degree in a doctoral program. Member A is ready, willing, and able to be appointed for a role on the Council. Indeed, Member A applied to the Council last year but was not appointed. Both last year and this year, Member A was and is disfavored and at a significant disadvantage for the positions on the Council because of his race.

5. Do No Harm brings this lawsuit under 42 U.S.C. § 1983 to vindicate its member's constitutional rights, to guarantee that every qualified citizen in Minnesota has the equal right to serve on the Council, and to ensure that Minnesotans are regulated by a Council that is not selected on the basis of race.

## JURISDICTION AND VENUE

6. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of

the events or omissions giving rise to the claim occurred and continue to occur in this district.

**PARTIES**

8.      Plaintiff Do No Harm is a national nonprofit corporation headquartered in Virginia. It is a membership organization of over 14,000 medical professionals, students, and policymakers dedicated to eliminating racial discrimination in healthcare. Its mission is to protect healthcare from a radical, divisive, and discriminatory ideology. It has a member who is qualified, ready, willing, and able to be appointed to the Council. It brings this lawsuit to vindicate its member's constitutional rights, to ensure that every qualified individual has the equal right to serve on the Council, and to ensure that Minnesotans are represented by individuals not selected on the basis of race.

9.      In particular, Member A is a resident of Minnesota and a doctoral student in Minnesota. He is not a member of a racial minority. Member A applied for a position on the Council last year but was not selected. Member A is actively seeking a position on the Council and is qualified, ready, willing, and able to be appointed to the Council in the future.

10.     Defendant Dr. Brooke Cunningham is the Commissioner of the Minnesota Department of Health. Dr. Cunningham is required by Minnesota law to make all appointments to the Council. Minn. Stat. § 145.987, Subd. 1. Dr. Cunningham is sued in her official capacity.

## FACTUAL ALLEGATIONS

11. The Health Equity Advisory and Leadership Council was administratively created by the Minnesota Department of Health in 2018. The Council was formally codified into law in 2023. S.F. No. 2995, 93rd Leg. (2023).

12. The Council serves in an advisory capacity to the Minnesota Department of Health. The Council's purpose is to provide recommendations on how to embed equity into the Department's policies, programs, and practices. Minn. Stat. § 145.987, Subd. 3.

13. The Council is comprised of eighteen members appointed by the Commissioner. The members are appointed for two-year terms, and each member is eligible for reappointment for two additional terms. Minn. Stat. § 145.987, Subd. 1.

14. There are no educational or professional qualifications for membership on the Council. However, the law expressly requires members of the Council to represent specific races and ethnicities, including "African American and African heritage communities," "Asian American and Pacific Islander communities," "Latina/o/x communities," and "American Indian communities and Tribal governments and nations." Minn. Stat. § 145.987, Subd. 1.

15. The Minnesota Department of Health has made explicit efforts to recruit Council members based on their race or ethnicity. For instance, a bulletin published on August 8, 2024, specifically sought "Asian American and Pacific Islander" applicants to meet the Council's racial mandate. *See* https://content.govdelivery.com/accounts/MNMDH/bulletins/3ad97a3 (last accessed Jan. 9, 2025).

16. From October 2024 to December 2024, applications were accepted for at least four open membership positions on the Council. The application portal website did not state that any of these positions were reserved for individuals of a specific race, ethnicity, or other statutorily required group. Nor did the application portal list any pending appointments for the open positions on the Council. Member A applied for one of these positions on the Council prior to December 2024.

17. As of the filing of this Complaint, the websites of the Office of the Secretary of State and Minnesota Department of Health indicate that Defendant appointed individuals to fill all open positions on the Council, but did not select Member A for any of these appointments.

18. The terms of all current Council members are set to expire on December 1, 2025. Therefore, all eighteen positions on the Council will become available for applications, providing another opportunity for Member A to be appointed.

19. Member A intends to apply for the next available position on the Council, whether that arises from the expiration of the current members' terms on December 1, 2025, or from any other circumstance that creates a vacancy before that date.

20. Member A was, and is today, ready, willing, and able to be appointed to the Council. He seeks to apply his experience in the medical field and serve on the Council. He has previously submitted an application to serve and intends to apply for the next available position. However, his application to be appointed to the Council is at a significant disadvantage because of his race.

21.  So long as this racial quota remains in place, Member A will never receive equal consideration for the openings on the Council.

22.  Member A is ready, willing, and able to seek an appointment to the Council in the future, when his race will not put him at a significant disadvantage.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Minn. Stat. § 145.987, Subd. 1, Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

23.  Plaintiff hereby realleges and incorporates the allegations in all preceding paragraphs by reference.

24.  Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

25.  Minn. Stat. § 145.987, Subd. 1 requires the Commissioner to consider and make decisions on the basis of the race when making appointments to the Health Equity Advisory and Leadership Council.

26.  Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

27.  The racial mandate in Minn. Stat. § 145.987, Subd. 1 does not serve a compelling governmental interest.

28.  The racial mandate in Minn. Stat. § 145.987, Subd. 1 does not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

29. Even if the racial mandate in Minn. Stat. § 145.987, Subd. 1 served a compelling governmental interest, it is not narrowly tailored to remediating past intentional discrimination.

30. The racial mandate in Minn. Stat. § 145.987, Subd. 1, mandates racial quotas, requires racial balancing, has no "good faith exception," and has no end date.

31. The racial mandate in Minn. Stat. § 145.987, Subd. 1 stereotypes individuals on the basis of race and discriminatively operates as a negative factor against applicants who are not the beneficiaries of the race-based preferences.

## SECOND CAUSE OF ACTION
### Minn. Stat. § 145.987, Subd. 1. Violates the Citizenship Clause of the Fourteenth Amendment to the United States Constitution

32. Plaintiff hereby realleges and incorporates the allegations in all preceding paragraphs by reference.

33. The Fourteenth Amendment to the United States Constitution provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1.

34. The Citizenship Clause guarantees all the rights of citizenship to every citizen of the United States, including all the rights of citizenship of the state wherein he or she resides.

35. The right to serve on state boards and commissions is a right of citizenship.

36. Minn. Stat. § 145.987, Subd. 1 requires the Commissioner to deny some Minnesota citizens a right of citizenship while extending that right to others.

7

37. The denial of a right of citizenship to a citizen of the United States violates the Citizenship Clause of the Fourteenth Amendment and is subject to heightened judicial scrutiny.

38. Member A has no adequate remedy at law to compensate for the loss of his equal citizenship rights. He will suffer irreparable injury absent an injunction prohibiting Defendant's enforcement of Minn. Stat. § 145.987, Subd. 1.

39. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of Minn. Stat. § 145.987, Subd. 1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaration that the racial mandate in Minn. Stat. § 145.987, Subd. 1 violates the Equal Protection Clause and the Citizenship Clause of the Fourteenth Amendment to the United States Constitution;

2. A permanent prohibitory injunction forbidding Defendant and Defendant's agents from enforcing, or attempting to enforce, the racial mandates in Minn. Stat. § 145.987, Subd. 1;

3. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988;

4. Nominal damages in the amount of $1.00; and

5. Such other relief the Court deems just and proper.

DATED: January 24, 2025.	Respectfully submitted,

PACIFIC LEGAL FOUNDATION

 /s/  Brandon C. Beyer
Brandon C. Beyer
Minn. Bar. No. 0403249
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
BBeyer@pacificlegal.org

Wilson C. Freeman
Ariz. Bar No. 036953*
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
WFreeman@pacificlegal.org

*Attorneys for Plaintiff*

* *Pro Hac Vice Application forthcoming*