UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Do No Harm, Inc., a nonprofit corporation, | ) <br> ) <br> ) Court File No. 0:25-cv-00287-KMM-JFD <br> ) <br> ) **MEMORANDUM IN SUPPORT OF** <br> ) **PLAINTIFF'S MOTION FOR LEAVE** <br> ) **TO SUPPLEMENT COMPLAINT** |
| Plaintiff, | |
| v. | |
| Dr. Brooke Cunningham, in her official capacity as Commissioner of the Minnesota Department of Health, | |
| Defendant. | |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Do No Harm, Inc. respectfully moves for leave to supplement its Complaint against Defendant Dr. Brooke Cunningham, in her official capacity as Commissioner of the Minnesota Department of Health. Plaintiff seeks leave to supplement its pleadings to acknowledge a recent amendment to the challenged provision in this case, Minn. Stat. § 145.987, subd. 1. On June 14, 2025, the amendment added the underlined portion to the law:

> "The health equity advisory and leadership (HEAL) council consists of 18 members appointed by the commissioner of health, including but not limited to members who will provide representation from the following groups…"

*See* Laws of Minn. 2025, 1st Spec. Sess., ch. 3, art. 2, sec. 31. This minor revision does not alter Plaintiff's claims of an unconstitutional violation of the Equal Protection Clause and Citizenship Clause of the Fourteenth Amendment to the United States Constitution.

1

However, the purpose of FRCP 15(d) is "bring the complaint up to date" by setting forth "transactions, occurrences, or events" that have happened since filing. *See* § 1504 Supplemental Pleadings—In General, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.). Here, Plaintiff's supplement would serve merely to do this—bring the complaint up-to-date. Defendant faces no prejudice if leave is granted; Plaintiff's claims remain unchanged, and the case is in its early stages with minimal discovery underway.

## BACKGROUND

Plaintiff filed its Complaint on January 24, 2025, challenging Minn. Stat. § 145.987, subd. 1's requirement for racial and ethnic representation on the Health Equity Advisory and Leadership (HEAL) Council. On June 14, 2025, Governor Walz signed the amendment to the challenged provision into law. As a result of this change, Plaintiff's counsel conferred with opposing counsel on July 1, 2025, seeking consent to supplement its pleadings and attaching a draft proposed supplemental complaint. On July 14, 2025, Defendant's counsel informed Plaintiff's counsel that she would not consent. Accordingly, Plaintiff brings forward this motion for leave from the Court to supplement its Complaint. The proposed Supplemental Complaint adds a single paragraph to acknowledge the amendment to the challenged provision. Pursuant to Local Rule 15.1, a copy of the proposed amended pleading (Exhibit 1) and a redlined version showing how the supplemental pleading differs from the operative pleading (Exhibit 2) accompany this motion (ECF Doc. 21, filed July 22, 2025).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) provides that a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Whereas an amended pleading addresses matters that were overlooked or unknown at the time of filing, "[a] supplemental pleading [ ] is designed to cover matters subsequently occurring but pertaining to the original cause." *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 17-cv-5009 (JRT/DTS), 2024 WL 1956176, at *2 (D. Minn. 2024) (quoting *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977)). This Court has recognized that the purpose Rule 15(d) is "to promote, as complete an adjudication as possible, of an existing dispute between the parties, which may have evolved since the action was initiated." *Schneeweis v. Nw. Tech. Coll.*, No. 97-1742, 1998 WL 420564, at *13 (D. Minn. 1998).

It is within the broad discretion of the Court to determine whether a supplemental pleading is to be allowed. *Id.* A supplemental pleading "ought to be allowed as of course, unless some particular reason for disallowing [it] appears." *UnitedHealth Grp. Inc. v. Lexington Ins. Co.*, No. 05–1289 (DSD/SRN), 2006 WL 8426436, at *3 (D. Minn. 2006). This Court applies a liberal standard to Rule 15 motions, freely giving leave when justice so requires. *See Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019).

The Court should consider: "(1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing party; and (4) whether the proposed amendment would be futile." *Riggs v. City of Owensville*, No. 4:10–CV–793 CAS, 2011

WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).

## ARGUMENT

I. This motion was not filed in bad faith or with dilatory motive

Plaintiff is seeking to make a good-faith effort to ensure that its pleadings accurately reflect the recently revised operative language of the challenged provision. Plaintiff's singular motive in proposing a supplement to the Complaint is to acknowledge the amendment and affirm that it does not affect its claims in the Complaint.

II. This motion was not filed with undue delay

The statutory amendment occurred on June 14, 2025, nearly five months after the Complaint was filed on January 24, 2025. Plaintiff sought Defendant's consent to supplement its Complaint less than three weeks after the amendment was signed into law. Approximately two weeks later, Defendant informed Plaintiff that she would not consent. Approximately one week later, Plaintiff sent Defendant the motion and filed it with the Court. Accounting for all these steps, roughly six weeks occurred between the amendment being signed into law and this motion being filed. One-third of this time was attributed to Plaintiff awaiting Defendant's decision on whether to consent to Plaintiff's proposed unopposed supplemental complaint. In sum, Plaintiff has diligently sought to supplement its Complaint since the passage of the statutory amendment.

III. Granting leave will not unduly prejudice Defendant

The proposed supplemental Complaint merely acknowledges the amended statutory language without altering the underlying legal claims or theories. Additionally, the

4

supplemental complaint does not alter the timeline of the case. Over four months remain until discovery closes on December 1, 2025, and non-dispositive motions related to discovery are not due until January 30, 2026. Pretrial Scheduling Order, ECF Doc. 13 at 1 (Mar. 24, 2025). This gives Defendant ample time to address any perceived changes brought about by this Court granting leave. However, it must be reiterated that Plaintiff's proposed supplement asserts that the statutory amendment does not affect the underlying basis of its legal claims.

   IV.   The proposed supplement is not futile

A Rule 15 motion is futile if it could not survive a Rule 12 motion to dismiss. *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 521 (D. Minn. 2018). Here, the proposed supplemental complaint does not seek to assert a new claim but instead seeks to ensure that the operative pleadings of the underlying claims reflect the now-operative language of the challenged law. The purpose of granting leave for a supplemental complaint is "to promote, as complete an adjudication as possible, of an existing dispute between the parties, which may have evolved since the action was initiated." *Schneeweis v. Nw. Tech. Coll.*, 1998 WL 420564 at *13. Undoubtedly, aligning pleadings with the current version of the challenged statute is essential to enabling the complete adjudication of a claim. Accordingly, granting leave to supplement the Complaint in this case would not be futile, as it supports the fair and thorough resolution of the existing claims without introducing new legal theories or threatening the established scheduling order.

## CONCLUSION

For the foregoing reasons, Plaintiff Do No Harm respectfully requests that the Court grant its motion for leave to supplement the Complaint.

DATED: July 25, 2025.                     Respectfully submitted,

PACIFIC LEGAL FOUNDATION

 /s/  Brandon C. Beyer
Brandon C. Beyer
Minn. Bar. No. 0403249
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
BBeyer@pacificlegal.org

Wilson C. Freeman
Ariz. Bar No. 036953*
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
WFreeman@pacificlegal.org

*Attorneys for Plaintiff*

* *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I filed the foregoing with the of the U.S. District Court for the District of Minnesota's CM/ECF system, which will send notice of said filing to the following counsel of record:

**Jennifer Moreau**
Jennifer.Moreau@ag.state.mn.us
**Kaitrin Vohs**
Kaitrin.Vohs@ag.state.mn.us
*Attorneys for Defendant*

 

/s/ Brandon C. Beyer
Brandon C. Beyer

*Attorney for Plaintiff Do No Harm*